Paul M. Gonzalez, Esq. Deputy County Attorney, Onondaga County
This is in reply to your recent request in which you seek an opinion respecting section 12 of the Religious Corporations Law. The four questions you raise may be condensed into a single query, namely: Is a religious corporation organized and existing pursuant to the Religious Corporations Law required to obtain a court order authorizing a sale of any of its real property or any interest therein to a municipality for a public purpose?
Section 12(1) of the Religious Corporations Law provides:
 "A religious corporation shall not sell, * * * any
of its real property without applying for and obtaining leave of the court therefor pursuant to section five hundred eleven of the not-for-profit corporation law * * *" (emphasis added).
Subdivision 1(a) of section 2-b of this law further provides:
 "If any provision of the not-for-profit corporation law conflicts with any provision of this chapter, the provision of this chapter shall prevail * * *."
It appears, then, that section 12 requires a religious corporation to obtain leave of court to sell any of its real estate. This is in contrast to the rules under sections 509 and 510 of the Not-For-Profit Corporation Law concerning sale of real estate or other assets. Such rules have no effect on a religious corporation by virtue of section 2-b quoted above.
Section 12 refers to section 511 of the Not-For-Profit Corporation Law, but this is only for the purpose of creating the procedural tool to obtain the required court approval and to establish the test that the court must apply in granting such approval.
Section 40 of the General Construction Law and section 2(1) of the Real Property Law each define "real property" as including "* * * real estate, lands, tenements and hereditaments, corporeal and incorporeal". Therefore, the term "real estate" as used in section 12 is broad enough to include the sale of an easement, for example.
Section 12 does not provide any exemption from the requirement of obtaining leave of court for sales to municipalities or other governmental entities.
We conclude that a religious corporation must obtain leave of court to sell any of its real estate or any interest therein to a municipality for a public purpose.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.